undertaking, and when they did so, the limitation became a part of the contract of indemnity and should be enforced the same as any other contract.'' *Brown v. Massachusetts Bonding & Insurance Co.*, 176 Ill. App. 502, 505; *Lesher v. United States Fidelity Co.*, 239 Ill. 502, 511.

There is no conflict in the evidence that the Sollitt Company first breached its contract with plaintiff more than six months prior to the commencement of suit in the instant case, and there is nothing in this record that can be construed as a waiver by defendant of the limitation provision which required plaintiff to commence suit upon said bond within six months thereafter. The court did not err in ruling that this suit could not be maintained because it was brought outside of the limitation period provided in the bond, and the trial court was therefore justified in directing a verdict on that ground in favor of defendant.

For the reasons stated, the judgment of the Municipal Court will be affirmed.

*Judgment affirmed.*

---

**Mendel Sachs, Appellant, v. Friedman Brothers & Lipsky Company, Appellee.**

**Gen. No. 21,331.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. John Stelk, Judge, presiding. . Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed June 1, 1916.

### Statement of the Case.

Action by Mendel Sachs, plaintiff, against Friedman Brothers & Lipsky Company, a corporation, defendant, to recover balance due for goods sold and delivered.

From a judgment for defendant, plaintiff appeals.

An attachment in aid issued in connection with said action January 14, 1915, on which date defendant disposed by public auction of most of its property. Michael Tauber and Michael Levy, trading as Michael Tauber & Company, conducted said auction sale, were summoned as garnishees and filed their answer to plaintiff's interrogatories, admitting an existing indebtedness to defendant in excess of $1,218.84 at the time of service of said writ. Defendant filed an affidavit of merits denying that plaintiff at any time sold and delivered to defendant the merchandise set forth in plaintiff's statement of claim and traversed plaintiff's affidavit of atttachment, which affidavit alleged that defendant, within two years last past, fraudulently (a) conveyed or assigned its effect; (b) concealed or disposed of its property; (c) that it was about to fraudulently conceal or dispose of its property, so as to hinder and delay its creditors. Trial by jury having been waived, the cause was submitted to the court who found the attachment issues and the issues on the merits in favor of defendant, dismissing the attachment writ and entering judgment against plaintiff for costs.

JACOB LEVY, for appellant; JOSIAH BURNHAM, of counsel.

BENJAMIN E. COHEN, for appellee.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

FRAUDULENT CONVEYANCES, § 276*—*when evidence sufficient to show existence of relationship of creditor and debtor.* In an action to recover the balance due for goods sold and delivered, *held* that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the evidence was sufficient to establish the relation of debtor and creditor between the defendant and plaintiff on or before the date in which the defendant, without notice to the plaintiff, sold at public aution nearly all its stock of merchandise in contravention of the Bulk Sales Act [Cal. Ill. St. Supp. 1916, ¶¶ 10,021 (1)-10,021 (3) ], and that a writ of attachment was improperly quashed.

## National Bank of the Republic of Chicago, Defendant in Error, v. Arthur K. Hitomi et al., Plaintiffs in Error.

### Gen. No. 22,103.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAF-FERTY, Judge, presiding.   Heard in this court at the March term, 1916.   Affirmed.   Opinion filed June 6, 1916.

### Statement of the Case.

Action by the National Bank of the Republic of Chicago, plaintiff, against Arthur K. Hitomi and others, defendants.   To reverse a judgment for plaintiff, defendants prosecute a writ of error.

An order was entered in this cause striking the bill of exceptions from the record.   The plaintiff moved the court to affirm the judgment on the ground that the assignments of error and the brief and argument of the defendant touched only points appearing by the bill of exceptions, which the court found to be true. No errors were assigned or argued arising upon the statutory record.

ERNEST SAUNDERS, for plaintiffs in error.

NEWMAN, POPPENHUSEN & STEIN, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.